**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CORY SIEGESMUND, on behalf of
himself and a class of those others
similarly situated,

    Plaintiff,

v.                                                                 Case No. 8:21-cv-2107-TPB-SPF

DILLON LOGISTICS, INC.

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER

This matter came before the Court for hearing on June 8, 2022, to consider the "Plaintiff's Motion to Transfer to District of Delaware" (Doc. 10), filed by Plaintiff Cory Siegesmund. Through the motion, Plaintiff requests this matter be transferred to the United States District Court for the District of Delaware to be consolidated with *Hogg v. Dillon Logistics, Inc.*, Case No. 1:21-cv-01299-M. Appearances were made as reflected on the record.

The Court has considered the motion, the argument presented at the hearing, together with the record, and finds good cause for the relief requested.

### I.    Background

Defendant is a Delaware corporation. On September 10, 2021, Defendant and other associated entities executed an Assignment for the Benefit of Creditors in the Chancery Court of the State of Delaware. *In re: Dillon Fleet Services, Inc., et. al.,*

*Assignor, to: Dillon ABC, a Delaware series LLC, Assignee,* Case No. 2021-0785, Chancery Court of the State of Delaware ("ABC Proceeding").

On November 15, 2021, an involuntary petition was commenced against Defendant under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§101-1532 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, under Case No. 21-13041 by petitioning creditors, including the above-named Plaintiff.

In light of the bankruptcy filing, the Court stayed this matter. Subsequently, the Bankruptcy Court dismissed the bankruptcy petition and ordered that the Plaintiff and those similarly situated be accorded priority status as part of the ABC Proceeding in Delaware.

There is currently a suit pending in the District of Delaware styled *Hogg v. Dillon Logistics, Inc.*, Case No. 1:21-cv-01299-MN, which asserts claims under the WARN Act by former employees against the same Defendant and associated entities and is substantially similar to the instant litigation. The District Court in *Hogg* recently granted leave for the plaintiffs to file an amended complaint in that matter.

No counsel has entered an appearance on behalf of Defendant in this case or on behalf of Dillon Logistics, Inc. in *Hogg*.

## II. Motion to Transfer

The Court finds the following factors support transferring this matter to Delaware:

1. This matter could have been filed in Delaware, which has personal jurisdiction over Defendant.
2. A matter is already pending in Delaware which raises similar allegations.
3. The discovery in both cases would be the same.
4. Consolidating the matters would eliminate the possibility of inconsistent rulings.
5. There are no related Florida state law claims to consider.

Consolidating the two matters will lead to more consistent and efficient outcomes for the parties and all parties present in both cases have consented to this transfer. It is in the interest of justice and convenience of the parties for this matter to be transferred to the District Court of Delaware to be litigated together with the plaintiffs there, pursuant to 28 U.S.C. §1404(a).

Accordingly, it is:

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Clerk is directed to lift the stay imposed by this Court's Order of November 22, 2021 (Doc. 9), and re-open this case.
2. "Plaintiff's Motion to Transfer to District of Delaware" (Doc. 10) is **GRANTED**.
3. The Clerk is directed to **TRANSFER** this matter to the District Court of Delaware for all further proceedings.
4. Following transfer, the Clerk is directed to terminate any pending motions and

deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 28th day of July, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**